UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JOSE REYES,

                             Plaintiff,                    CIVIL ACTION NO.

                         -against-

                                                                    COMPLAINT

ON-SITE REAL PROPERTY MANAGEMENT CORP., and
DOMINICK "DOE" [LAST NAME UNKNOWN], and "JOHN
DOE" [LEGAL NAME UNKNOWN] a/k/a DOVE,

                             Defendants.
-------------------------------------------------------------------------------X

        Plaintiff Jose Reyes ("Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendants On-Site Real Property Management Corp. ("OSRPM"), Dominick "Doe" [Last Name Unknown] ("Dominick"), and John Doe [Legal Name Unknown] a/k/a Dove ("Dove") (collectively, "Defendants"), respectfully alleges as follows:

### I.    Nature of Action, Jurisdiction, and Venue

1.    This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.    This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9. Defendant OSRPM is a domestic corporation with its principal place of business located at 350 Roebling Street, Apt. 1, Brooklyn, New York 11216.

10. Upon information and belief, OSRPM owns and manages approximately twelve (12) apartment buildings in the New York metropolitan area.

11. Upon information and belief, Defendants Dominick and Dove are individuals residing in the State of New York.

12. Upon information and belief, Dominick and Dove were and still are owners, officers, and persons in control of OSRPM, who exercise significant control over the company's operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

13. Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

14. Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

15. Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

16. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

17. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

18. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

19. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

20. Defendants operate in interstate commerce.

21. Defendants are subject to suit under the statutes alleged above.

### III.    Factual Allegations

22. Plaintiff worked for Defendants as a construction worker from in or around January 2015 until in or around November 2018.

23. As a construction worker, Plaintiff's job duties included installing bathroom fixtures and sheetrock; painting; plastering; concrete work; and various other construction-related tasks.

24. Throughout his employment, Plaintiff typically worked Mondays through Fridays from 8:00 a.m. until between 7:00 p.m. and 8:00 p.m., and Saturdays from 8:00 a.m. until between 12:00 p.m. and 1:00 p.m., for an average of approximately sixty-two (62) hours per week.

25. Throughout his employment, Plaintiff was not afforded any meal or rest breaks.

26. Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

27. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL and was entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

28. Throughout Plaintiff's employment, Defendants paid Plaintiff $24.50 per hour for all hours worked.

29. From the start of Plaintiff's employment until in or around June 2018, Defendants paid Plaintiff's wages entirely in cash.

30. From in or around July 2018 until the end of Plaintiff's employment, Defendants paid Plaintiff his first $18.50 per hour by check, less withholdings for federal, state, and local taxes, and paid the additional $6.00 per hour in cash without withholding federal, state, and local taxes.

31. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per week, yet Defendants failed to compensate him at a rate of one and one-half (1.5) times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

32. Defendants also failed to furnish to Plaintiff a payroll notice at the time of his hire, or at any time thereafter, containing Plaintiff's rate of pay, the designated payday, or other information required by NYLL § 195(1).

33. Defendants further failed to furnish to Plaintiff, with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

34. Defendants violated federal and state law by willfully failing to pay Plaintiff the overtime compensation owed to him and by failing to provide Plaintiff with the required payroll and wage notices.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

35. Plaintiff repeats and realleges all prior allegations set forth above.

36. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

37. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

38. Throughout Plaintiff's employment, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a week.

39. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

40. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

41. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the NYLL)*

42. Plaintiff repeats and realleges all prior allegations set forth above.

43. Pursuant to the applicable provision of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

44. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

45. Throughout Plaintiff's employment, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a week.

46. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

47. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

48. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Timely Pay Wages Under the NYLL)*

49. Plaintiff repeats and realleges all prior allegations set forth above.

6

50. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

51. Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

52. Defendants failed to timely pay Plaintiff all his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

53. Defendants failed to pay Plaintiff all wages earned by Plaintiff, including overtime wages, in violation of NYLL § 191(1)(a)(i).

54. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interest, and costs.

55. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for all wages due, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Failure to Provide Payroll Notices Under the NYLL)*

56. Plaintiff repeats and realleges all prior allegations.

57. Defendants failed to furnish to Plaintiff, at the time of hire or at any time thereafter, a notice containing his rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

7

58. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

59. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the form of liquidated damages amounting to $50.00 per day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A FIFTH CAUSE OF ACTION**
*(Failure to Provide Wage Statements Under the NYLL)*

60. Plaintiff repeats and realleges all prior allegations.

61. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof; the number of regular and overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

62. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

63. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the form of liquidated damages amounting to $250.00 per day for every day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

f) interest;

g) costs and disbursements; and

h) such other and further relief as is just and proper.

Dated: New York, New York
       June 14, 2019

/s/ Adam Sackowitz
Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiff*

9